Johnny R. CRAWFORD, Appellant,

v.

The STATE of Texas, Appellee.

No. 04–85–00031–CR.

Court of Appeals of Texas,
San Antonio.

July 30, 1986.

Mark Stevens, San Antonio, for appellant.

Sam Millsap, Jr., Charles Strauss, Charles Estee, Criminal Dist. Attys., San Antonio, for appellee.

Before ESQUIVEL, REEVES, TIJERINA, JJ.

ESQUIVEL, Justice.

This is an appeal from a judgment of conviction in a theft case.

Appellant was indicted for the offense of theft $200.00–$10,000.00, enhanced by two prior felony convictions. Prior to trial the state abandoned the conviction alleged in the second enhancement paragraph of the indictment and upon appellant's plea of not guilty the state proceeded to trial before a jury. The jury found appellant guilty as charged in the indictment. The court assessed the punishment at 10 years confinement. On December 6, 1984, the Texas Court of Criminal Appeals, approximately 11 months after sentence, permitted appellant an out of time appeal. On December 19, 1984, appellant filed written notice of appeal with the trial court. Appellant presents us with three grounds of error on appeal. We affirm.

In two grounds of error appellant challenges the sufficiency of the evidence to support the conviction. In his first ground of error he alleges that the evidence was insufficient "to prove beyond a reasonable doubt that the property was appropriated without the effective consent of" the owner; in his second ground of error he alleges that "the evidence was insufficient to prove beyond a reasonable doubt that appellant acted with the requisite intent to deprive" the owner of the property.

The state contends that appellant has failed to present anything for review. It points out, and correctly so, that not only did appellant fail to timely designate that the transcription of the reporter's notes of the punishment phase be included in the record as provided by TEX.CODE CRIM. PROC.ANN. art. 40.09 § 2 (Vernon Supp. 1986) (hereafter art. 40.09, § 2), but appellant has also failed to file a transcription of the proceedings in the punishment phase with this court. Thus, concludes the state, appellant has failed to provide this court with a complete record. The state further

contends that when a complete record has not been provided the sufficiency of the evidence cannot be reviewed and refers us to *Beck v. State,* 583 S.W.2d 338, 348 (Tex.Crim.App.1979) and *Sullivan v. State,* 377 S.W.2d 952, 953 (Tex.Crim.App.1964).

In his argument before this court, appellant's appointed counsel alleges appellant had no counsel from December 6, 1984, the date he was granted an out of time appeal, to January 10, 1985, the date his counsel on appeal was appointed. Further, on the date his appellate counsel was appointed, a period of seven days had passed after the expiration of the statutory time for designating the inclusion of the transcription of the court reporter's notes of the punishment phase in the record. Appellant contends a filing of an extension of time for meeting the time limits of Art. 40.09 § 2 would have been futile because of the provisions of TEX. CODE CRIM. PROC. ANN art. 40.09, § 13 (Vernon Supp.1986). Finally, appellant contends that the errors complained of occurred at the guilt-innocence phase of the trial. Appellant would have us consider the sufficiency of the evidence presented to us by this ground of error since the transcription of the court reporter's notes of this phase is before us. We disagree that we may review appellant's ground of error regarding the sufficiency of the evidence.

Appellant is correct in his argument that the filing of any motion for an extension of time to designate material to be included in the record would have been futile. The twenty day requirement of art. 40.09, § 2 was not met. The necessity of adhering to the twenty day requirement is mandated by our Court of Criminal Appeals and we are not authorized to disobey or circumvent this mandate. *State ex rel. Vance v. Clawson,* 465 S.W.2d 164, 168 (Tex.Crim.App. 1971), *cert. denied, sub nom, Pruett v. Texas,* 404 U.S. 910, 92 S.Ct. 226, 30 L.Ed.2d 182, *reh'g denied,* 404 U.S. 996, 92 S.Ct. 529, 30 L.Ed.2d 548 (1971); *Hernandez v. State,* 670 S.W.2d 686, 689 (Tex.App. —Amarillo 1984, no pet).

■ We are faced with an incomplete transcription of the court reporter's notes of appellant's trial due to the absence of the transcription of the penalty phase in the record before us. In the absence of a complete transcription of the court reporter's notes, the question of the sufficiency of the evidence to sustain the conviction may not be considered. *Daughtrey v. State,* 544 S.W.2d 158, 159 (Tex.Crim.App. 1976). Appellant's grounds of error numbered one and two are overruled.

Appellant's third ground of error related to the court's charge to the jury.

■ In presenting its case in chief the state proved that the complainant James Wolsch, an undercover agent, and Beryl Ross, an informant, met with appellant at the parking lot of a bar for the purpose of purchasing an ounce of heroin. The informant Ross had arranged the meeting. The agreed price for the heroin was $1,200.00. Wolsch gave appellant the money and appellant told Wolsch and Ross that he would return with the heroin in thirty minutes. Appellant left and never returned. Appellant did not testify. However, through other witnesses, appellant's defensive theory was that he returned the money to Ross with the understanding that Ross would return the money to Officer Wolsch. Appellant alleges that the trial court erred in refusing his requested charge that the jury acquit him if they believed he had a reasonable doubt that he returned the money to complainant's agent. In addition, appellant contends that the refusal of the trial court to submit his requested charge was error because appellant's theory was an affirmative defense to the charge that he intended to deprive the owner of the property "permanently or for so extended a period of time that a major portion of the value or enjoyment of the property is lost to the owner."

We agree with the state that appellant's defense was not an affirmative defense but rather was a denial of a necessary element of the state's case. There was no necessity that it be included in the court's charge.

*Bearden v. State*, 487 S.W.2d 739, 742 (Tex.Crim.App.—1972) and cases cited.

Accordingly, we hold that the trial court correctly refused appellant's requested charge. Appellant's third ground of error is overruled.

The judgment of the trial court is affirmed.

REEVES, J., dissents without opinion.