**Johnny R. CRAWFORD, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 1005-86.**

Court of Criminal Appeals of Texas, En Banc.

Dec. 9, 1987.

Mark Stevens (court appointed on appeal), San Antonio, for appellant.

Sam D. Millsap, Jr., Dist. Atty. & Charles Strauss & Charles Estee, Asst. Dist. Attys., San Antonio, Robert Huttash, State's Atty., Austin, for the State.

OPINION

W.C. DAVIS, Judge.

On October 23, 1983, the appellant was convicted of the offense of theft over $200 and under $10,000. After the jury found the appellant guilty the trial court assessed punishment at ten years. No direct appeals was taken immediately after conviction. However, on December 6, 1984, in an order filed under writ number 14,221-01, this Court granted the appellant's post conviction application and ordered that he be afforded an out-of-time appeal. The order stated that the appellant was to be "... return[ed] ... to the point at which he may give Notice of Appeals." The order specifically stated that appellant was to be given the assistance of counsel from the outset of his appeal.

Appellant's cause was remanded to the trial court in accordance with the order of December 6, 1984, and, on December 19, 1984, he filed written notice of appeal. On January 10, 1985, a date after the time limit for designating the record had passed,

the trial court appointed counsel. As a result the Court of Appeals concluded that they were unable to extend the time to designate the record leaving the appellant without a complete transcription of the court reporter's notes. Thus, his attack of the sufficiency of the evidence was not reviewed. See *Crawford v. State*, 715 S.W.2d 769 (Tex.App.—San Antonio [4th Dist.], 1986).

Appellant has filed a Petition for Discretionary Review alleging, inter alia, that he has been denied the effective assistance of counsel due to the delay in appointing counsel. We agree. See *Ward v. State*, 740 S.W.2d 794 (Tex.Cr.App.1987).

Therefore, the cause is remanded to the Court of Appeals with instructions to abate the appeal to the trial court in order that a proper appeal, with counsel and record can be had.