Johnny Otis YOUNG, Appellant,

v.

The STATE of Texas, State.

No. 2–87–117–CR.

Court of Appeals of Texas,
Fort Worth.

June 23, 1988.

Zachry, Kearney, Hill, Beatty & Butcher, Allan K. Butcher, Fort Worth, for appellant.

Tim Curry, Criminal Dist. Atty., C. Chris Marshall, Loretta Stauffer, Robert Bush and Danny Price, Asst. Criminal Dist. Attys., Fort Worth, for State.

Before FENDER, C.J., and HILL and FARRIS, JJ.

### OPINION

FENDER, Chief Justice.

Appellant, Johnny Otis Young, appeals from a jury conviction for aggravated robbery. *See* TEX.PENAL CODE ANN. sec. 29.03 (Vernon 1974). Punishment, enhanced by two prior felony convictions, was assessed by the jury at life imprisonment in the Texas Department of Corrections.

We reverse and remand in accordance with TEX.CODE CRIM.PROC.ANN. art. 44.29(b) (Vernon Supp.1988).

Appellant was initially indicted on October 23, 1986, for the offense of aggravated robbery. On August 21, 1986, the trial court appointed Eugene Grant to defend appellant who was indigent. A reindictment of appellant was filed on May 22, 1987, alleging the same aggravated robbery contained in the earlier indictment but adding four enhancement paragraphs.

On May 26, 1987, a pretrial hearing was held in this cause, and the trial court entered an order appointing Grant again to represent appellant in the reindicted case. At the conclusion of that hearing Grant made the following motion:

MR. GRANT: Your Honor, prior to this case being called and the Jury being Voir Dired, as well as this morning at docket call, we announce not ready for trial at this time, the reason for that being that on Friday before—which I think was May 22nd of 1987, somewhere around 2:00 o'clock in the afternoon, I was hand delivered two copies—or copies of two new indictments, the re-indictments of these cause numbers in which habitual counts of four enhancement counts were added to the original indictments and at this time, Your Honor, we would like to request ten days—ten days in which to meet these allegations which we are allowed by law, and in lieu of that, we would like to ask for a continuance in order to prepare to meet these new allegations.

. . . .

THE COURT: All right, I am going to deny your motion, Mr. grant [sic]. We will have a Jury over here at 9:00 o'clock in the morning.

Although the court initially denied appellant's motion and ordered the trial to begin the following morning, the case was continued from May 26, 1987, to June 1, 1987. June 1, 1987, represented the tenth day after reindictment which meant appellant had only nine days in which to prepare for trial.

At the time of this trial, TEX.CODE CRIM.PROC.ANN. art. 26.04(b), Act of 1965, ch. 722, sec. 1, 1965 Tex.Gen.Laws 317, 425 provided: "[t]he appointed counsel is entitled to ten days to prepare for trial, but may waive the time by written notice, signed by the counsel and the accused."[1]

Although the State persuasively argues that any violation of TEX.CODE CRIM. PROC.ANN. art. 26.04(b) should be reviewed in light of the harmless error rule, Texas case law mandates that the failure to allow appointed counsel ten days to prepare for trial requires reversal on direct appeal without the necessity of showing harm or prejudice. *See Peters v. State,* 575

---

1. Article 26.04(b) was amended by Acts 1987, 70th Leg., ch. 979, sec. 2, eff. Sept. 1, 1987. The amendment eliminated the ten-day provision.

S.W.2d 560, 561 (Tex.Crim.App. [Panel Op.] 1979); *Henson v. State,* 530 S.W.2d 584, 585 (Tex.Crim.App.1975).

The record does not affirmatively show that appellant's court-appointed attorney had ten days time to prepare for the new enhancement allegations. The changes in the second indictment only pertained to the added enhancement allegations; therefore, appellant was not required to face any unknown allegations during the guilt-innocent phase of his trial. Since during the punishment phase of the trial the State did not waive the enhancement allegations (and thus proceed only on the ordinary punishment range of aggravated robbery) appellant was required to respond to those added enhancement allegations. As a result, we find that error occurred during the punishment phase of appellant's trial. Appellant's point of number error one is sustained.

■ Appellant's second point of error contends that the trial court erred by refusing to allow appointed counsel ten days to file written pleadings after reindictment. TEX.CODE CRIM.PROC.ANN. art. 27.11 (Vernon 1966) allows a defendant ten days, exclusive of all fractions of a day after his arrest, to file written pleadings. Additionally, TEX.CODE CRIM.PROC.ANN. art. 27.12 (Vernon 1966) states that where a defendant is entitled to be served with a copy of the indictment, he shall be allowed the ten days mentioned in article 27.11 to file written pleadings after such service. Under article 27.11 and 27.12 an adverse ruling from the trial court is necessary in order to preserve error. *Oliver v. State,* 646 S.W.2d 242, 245 (Tex.Crim.App.1983); *Johnson v. State,* 567 S.W.2d 214, 216 (Tex. Crim.App. [Panel Op.] 1978); *Johnson v. State,* 702 S.W.2d 691, 691 (Tex.App.— Houston [14th Dist.] 1985, pet. granted).

Appellant's counsel during the pretrial hearing held on May 26, 1987, only specifically requested ten days in which to meet the new enhancement allegations and additionally requested a continuance in order to prepare to meet those allegations. Although the court at first denied appellant's motion for a ten-day continuance and or-

dered the trial to begin the following day, May 27, 1987, the court then continued the case to June 1, 1987. Appellant did not object to this new setting date nor did he properly request the time allowed under article 27.11 and 27.12. Unlike the mandatory provision of article 26.04(b), the Texas Court of Criminal Appeals has consistently held that time allowed under article 27.12 must be properly requested and refused in order to show reversible error. *See Johnson,* 567 S.W.2d at 216. Since appellant failed to do either, error is waived. Point of error number two is overruled.

Appellant's last point of error relates to an alleged error which occurred during the punishment phase of the trial. In light of our holding under point of error number one we need not address appellant's last point of error.

The trial court's judgment is reversed based on error committed during the punishment phase of the trial. *See Ex parte Klasing,* 738 S.W.2d 648, 650–51 (Tex.Crim. App.1987) (opinion on reh'g); TEX.CODE CRIM.PROC.ANN. art. 44.29(b). The cause is remanded for a new trial for proceedings consistent with this opinion.