Anthony Ray DITTO, Appellant,

v.

The STATE of Texas, Appellee.

No. 04–94–00190–CR.

Court of Appeals of Texas, San Antonio.

March 31, 1995.

Thomas H. Morris, San Antonio, for appellant.

Frank Follis, Asst. Dist. Atty., Seguin, for appellee.

Before CHAPA, C.J., and RICKHOFF and STONE, JJ.

## OPINION

STONE, Justice.

The central issue presented in this appeal is whether appointment of counsel is timely when it is made six days before a pending motion for new trial is overruled by operation of law. We find that the appointment is not timely and thus abate the appeal and remand the cause for a hearing on appellant's motion for new trial. Appellant Anthony Ray Ditto appeals his conviction for aggravated sexual assault and indecency with a child. Appellant was indicted on two counts of aggravated sexual assault, a first degree felony, and two counts of indecency with a child, a second degree felony. Pursuant to a negotiated plea bargain, appellant pleaded guilty to one count of indecency with a child and the State agreed to drop the other charges. Appellant was given deferred adjudication and placed on probation for ten years. Two years later the State sought to revoke appellant's probation for violations of the probation conditions. Appellant pleaded not true to the violations of probation and a hearing was held on December 16, 1993, at which time the judge found appellant guilty of both aggravated sexual assault and indecency with a child. Punishment was assessed by the court at confinement for 20 years, which was within the agreed limit in the original deferred adjudication agreement.

Appellant's six points of error all concern the hearing on his adjudication of guilt, not his original plea. In his third point of error appellant asks this court to reform the judgment to eliminate the adjudication of guilt on aggravated sexual assault since that was not a part of the original plea bargain agreement. In his other five points of error appellant asks this Court to abate the appeal and order an evidentiary hearing below so that he may develop a record to prove his claim that the trial court abused its discretion in not holding a hearing on his motion for new trial, and also that he had ineffective assistance of counsel. We abate this appeal for a hearing on appellant's motion for new trial.

■ Appellant complains that in the judgment adjudicating guilt the judge found appellant guilty of both aggravated sexual assault and indecency with a child which were listed together as one second degree felony offense. Appellant never entered a plea to the aggravated sexual assault charge. The State previously abandoned both charges of aggravated sexual assault and one count of indecency with a child pursuant to the plea bargain. Judgment cannot be entered on a charge to which a defendant has never pleaded. *Peltier v. State,* 626 S.W.2d 30, 31 (Tex. Crim.App. [Panel Op.] 1981); *Richardson v. State,* 763 S.W.2d 594 (Tex.App.—Corpus Christi 1988, no pet.). Because we are abating this appeal, we cannot reform the judgment, although the trial court will be able to do so.

■ Appellant timely filed a pro se motion for new trial alleging that he was denied effective assistance of counsel because his attorney failed to prepare for the hearing and instructed potential defense witnesses not to appear. Neither of these bases for appellant's motion for new trial can be evaluated from the record. Accompanying this motion was appellant's affidavit saying that the matters asserted were true. Appellant did not point to any specific facts showing in what way his counsel failed to prepare adequately for the hearing, nor did he list the names of any of the witnesses who should have been called, nor what they would have said.[1] This lack of facts in the affidavit only highlights appellant's need for counsel.

Appellant also asserts that the trial court abused its discretion by not timely appointing counsel for his appeal. Appellant was sentenced on December 16, 1993, and timely filed his motion for new trial on January 14,

---

1. We note that the State cites this Court to an unpublished opinion in support of its argument on these points. Unpublished opinions are not to be cited as authority. Tex.R.App.P. 90(i).

1994. His trial counsel filed a motion to withdraw as attorney of record on January 27, 1994. The trial court conducted a hearing on the motion to withdraw on February 23, 1994, the day previously set for a hearing on appellant's motion for new trial. The court granted the motion to withdraw and appointed new counsel on the same day to handle the appeal. Appellate counsel was notified of the appointment the following day on February 24, 1994. The hearing on the motion for new trial was reset for March 21, 1994, then reset again for March 30, 1994.[2] At that time, the court heard argument from the parties and ruled that no hearing would be held since more than seventy-five days had passed and therefore the motion for new trial had been overruled by operation of law. TEX.R.APP.P. 31(e)(3).

■■■■ Counsel is entitled to ten days to prepare for any proceeding. TEX.CODE CRIM. PROC.ANN. art. 1.051(e) (Vernon Supp.1995). In this case appellant's court appointed attorney who replaced the original appointed attorney did not have ten days to prepare for a hearing on appellant's pro se motion for new trial before the motion was overruled by operation of law. Counsel was notified of the appointment on February 24th and the motion was overruled by operation of law just six days later on March 1st.

The statute reads in relevant part:

An appointed counsel is entitled to 10 days to prepare for a *proceeding* but may waive the preparation time with the consent of the defendant in writing or on the record in open court.

TEX.CODE CRIM.PROC.ANN. art. 1.051(e) (Vernon Supp.1995) (emphasis added). This statute previously read that counsel had ten days to prepare for trial, but was changed in 1987 by the Legislature to read "proceeding."[3] Thus most of the reported cases concern preparation time for trial. When "examining amendments to existing legislation, it is presumed that the legislature was aware of case

law affecting or relating to the statute." *Grunsfeld v. State*, 843 S.W.2d 521, 523 (Tex. Crim.App.1992); *see also* TEX. GOV'T CODE ANN. § 311.023(3) (Vernon 1988). We therefore presume that each time an attorney is appointed to a case, they are entitled to ten days to prepare for the next proceeding in the case, just as they have previously been entitled to ten days to prepare for trial. *Marin v. State*, 891 S.W.2d 267, 268 (six days to prepare for trial); *Houston v. State*, 490 S.W.2d 851, 852 (Tex.Crim.App.1973) (five days to prepare for trial); *Farmer v. State*, 419 S.W.2d 382, 383 (Tex.Crim.App.1967) (seven days to prepare for trial); *Young v. State*, 752 S.W.2d 235, 236–37 (Tex.App.— Fort Worth 1988,) *aff'd*, 796 S.W.2d 195 (Tex. Crim.App.1990) (counsel entitled to ten days to prepare for new allegations). Motions for new trial are critical stages in the proceedings against criminal defendants at which they are entitled to representation. *Connor v. State*, 877 S.W.2d 325, 326 (Tex.Crim.App. 1994); *Trevino v. State*, 565 S.W.2d 938, 940 (Tex.Crim.App.1978).

■■■■ The State argues that appellant has waived any objection to the time his counsel had to prepare by not objecting at the trial level. That appellant did not make a proper objection, nor know when to have a hearing on his motion set, is only evidence of how much a defendant needs effective counsel in order to preserve his rights. The failure to comply with article 1.051(e) can be raised for the first time on appeal, and further, it is not subject to a harm analysis. *Marin v. State*, 851 S.W.2d 275, 280–81 (Tex.Crim.App.1993). "The primary goal of art. 1.051(e) is to ensure the indigent defendant receives appointed counsel who is prepared for the proceeding." *Marin v. State*, 891 S.W.2d 267, 272 (Tex.Crim.App.1994).

■■■■ The State asserts appellant had counsel until February 23rd because that is when the first counsel's motion to withdraw was granted. The State thus argues that

---

2. We recognize that the record reveals that the trial court reset the case in order to give counsel time to prepare. The fact that the case was reset for a time after the motion had already been overruled by operation of law was apparently an oversight.

3. Act of May 30, 1987, 70th Leg., R.S., ch. 979, § 1, 1987 Tex.Gen. Laws 3321.

appellant was without counsel for only one day until the new counsel was notified of the appointment. The actual time afforded for preparation, not the time of formal appointment, is the time to be considered. *Marin v. State,* 891 S.W.2d at 270; *Henson v. State,* 530 S.W.2d 584, 585 (Tex.Crim.App.1975); *Brotherton v. State,* 30 Tex.Ct.App. 369, 17 S.W. 932, 933 (1891). Counsel had just six days before the motion for new trial was overruled by operation of law. While it is technically true that the original counsel was still on the case until his motion to withdraw was granted,[4] a look at the facts of this case reveals that it would be fallacious to assume that the first counsel was actually working on appellant's motion for new trial.

Appellant's motion for new trial alleges his trial counsel failed to investigate the case thoroughly or prepare for the hearing on the adjudication of appellant's guilt. Appellant also alleges his attorney instructed potential defense witnesses not to appear at trial. Shortly after the motion for new trial was filed, counsel filed his motion to withdraw. Clearly, appellant and his attorney no longer had a good working relationship.

Each of appellant's contentions are matters outside the record and, therefore, a hearing is necessary to develop testimony both for the trial court and for the record on appeal. *See McIntire v. State,* 698 S.W.2d 652, 660 (Tex.Crim.App.1985). A motion for new trial "is the only opportunity to present to the trial court certain matters that may warrant a new trial, and to make a record on those matters for appellate review." *Trevino v. State,* 565 S.W.2d at 940. In the face of a motion for new trial which alleges facts outside the record, a trial court which denies an accused a hearing "abdicates its fact finding function and denies the accused a meaningful appellate review." *McIntire v. State,* 698 S.W.2d at 660.

This situation is somewhat analogous to that involved in *Crawford v. State,* 741 S.W.2d 452, 452–53 (Tex.Crim.App.1987). In *Crawford* the Court of Criminal Appeals held that a delay in appointing counsel for appeal

until after the time limit had expired to designate a transcript for appeal was an abuse of discretion. The appeal was abated to the trial court so that a proper appeal could be processed with a complete transcript. Similarly, in the instant case appellant has also been denied the right to make an appropriate record for appeal. We find that it was error, although no doubt inadvertent, not to appoint new counsel in time for appellant to have adequate preparation time and also to reset the case beyond the 75 day limit thereby denying appellant a hearing.

We therefore abate this appeal in the interest of justice and remand it to the trial court so that appellant may have a hearing on his motion for new trial in order to develop a record and present testimony. TEX. R.APP.P. 2(b). We order the trial court to hold a hearing on appellant's motion for new trial based on his claims of ineffective assistance of counsel and the adjudication of guilt on aggravated sexual assault. If the motion is denied, the trial court must then pronounce sentence according to the plea entered to indecency with a child only and appellant may give a timely notice of appeal. *Cox v. State,* 797 S.W.2d 958, 959–60 (Tex. App.—Houston [1st Dist.] 1990, no pet.).

---

4. An attorney is still on a case until a motion to withdraw is granted, not until it is filed. TEX.DISCIPLINARY R.PROF.CONDUCT 1.15 (1989), *reprinted in*

TEX.GOV'T CODE ANN., tit. 2, subtit. G app. (Vernon Supp.1994) (STATE BAR RULES art. X, § 9); *Ward v. State,* 740 S.W.2d 794, 798 (Tex.Crim.App.1987).