RONALD COLEMAN V. STATE OF TEXAS

NO. 07-00-0163-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL B

OCTOBER 19, 2000

______________________________

RONALD COLEMAN,

Appellant

v.

THE STATE OF TEXAS, 

Appellee

_________________________________

FROM THE 242
ND
 DISTRICT COURT OF HALE COUNTY;

NO. B13322-9902; HON. EDWARD L. SELF, PRESIDING

_______________________________

ABATEMENT AND REMAND

_______________________________

Before BOYD, C.J., QUINN and JOHNSON, JJ.

Ronald Colemen (appellant) appeals from a judgment convicting him of indecency with a child, a second degree felony.  Appellant initially pled guilty to a second degree offense of indecency with a child by contact.  However, the State announced to the court that it was proceeding on the lesser included charge of indecency with a child by exposure which is a third degree felony.  The trial court accepted appellant’s plea of guilty to the lesser included offense, deferred his adjudication of guilt and placed him on community supervision.  The state subsequently moved to adjudicate appellant guilty.  Appellant denied the allegations set out in the state’s motion and, thereafter, a contested hearing was held.  After receiving evidence, the trial court adjudicated appellant “guilty of the crime charged in the indictment” and sentenced him to ten years imprisonment.  Appellant timely filed a notice of appeal. 

Appellant’s appointed counsel filed an
 
Anders
(footnote: 1) brief, representing to us that he believed the appeal to be meritless.  In addition, counsel filed a motion to withdraw based upon the foregoing reasoning.   Appellant was also informed by this court, via letter dated September 12, 2000, of his right to review the record and file a pro se brief by October 12, 2000.  On October 9, 2000, appellant filed a letter requesting that counsel be appointed to represent him in this appeal.  Rather than appoint another counsel since his first represented that the appeal was meritless, we conducted an independent review of the record in accordance with 
Mays v. State
, 904 S.W.2d 920, 926-27 (Tex. App. - Fort Worth 1995, no pet.).

During the review, an issue meriting further development was discovered in appellant’s brief.  That issue concerns whether appellant was convicted of a second degree felony or a third degree felony because appellant pled guilty to a lesser included offense of that charged in the indictment.  Yet, the trial court convicted him of the crime as charged in the indictment, and the judgment adjudicating guilt reflects that appellant was convicted of a second degree felony which was not the offense to which he pled guilty.  Thus, appellant may have been convicted of a crime which lacks evidentiary support.  
See Ditto v. State, 
898 SW,2d 383, 384 (Tex. App.--San Antonio 1995, no pet.)  Therefore, we grant appellate counsel’s motion to withdraw based upon his representations to this court that the appeal is without merit and that allowing him to withdraw would be in the interest of justice.

We now abate the appeal and remand the cause to the 242nd Judicial District Court (district court) and order the district court to immediately notice and conduct a hearing to determine whether appellant is indigent, and, if so, to appoint new legal counsel.  We further order the district court to issue findings of fact and conclusions of law addressing the matter of appellant’s indigency and, if indigent, disclosing the name, state bar number, address, phone number, and telefax number of the newly appointed counsel.  Furthermore, the district court shall also cause to be developed 1) a supplemental clerk’s record containing the findings of fact and conclusions of law and all orders of the district court issued as a result of its hearing on this matter and, 2) a reporter’s record transcribing the evidence and argument presented at the hearing on this matter.

Additionally, the district court shall cause the supplemental clerk’s record to be filed with the clerk of this court on or before November 20, 2000.  Should additional time be needed to perform these tasks, the district court may request same on or before November 20, 2000.  Finally, should new counsel be appointed, said counsel must file an appellant’s 

brief addressing any arguable issues, including the issue mentioned above.  The appellant’s brief must be filed with the clerk of this court on or before December 20, 2000. 

It is so ordered. 

                                                Brian Quinn 

                                                      Justice 

Do not publish. 

 

  

 

 

 

FOOTNOTES
1:
Anders v. California
, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967).