NUMBER 13-01-347-CR

 

                             COURT OF APPEALS

 

                   THIRTEENTH DISTRICT OF TEXAS

 

                                CORPUS CHRISTI

 

 



MARK WILLIAM IRVING,                                                       Appellant,

 

                                                   v.

 

THE
STATE OF TEXAS,                                                          Appellee.

 



 

                             On appeal from the County Court 

                                   of Hardin County, Texas.

 

 



                                   O P I N I O N

 

                  Before Justices Dorsey,
Hinojosa, and Rodriguez

                                  Opinion by
Justice Dorsey

 








Mark William Irving appeals his conviction for the offense of
unlawfully carrying a weapon.  By four
issues[1]
he contends that he was denied ten days to file responsive pleadings, and he
challenges the probable cause to support the stop and search of his vehicle and
his warrantless arrest.  We affirm.

                                                         I. Facts

On March 3, 2001, appellant was driving westbound on Highway 418 in
Hardin County when Officer Watson saw that he was driving without a seatbelt
and that his vehicle did not have an inspection sticker.  He saw appellant stop in a parking lot, get
out of the vehicle, and lock it.  Watson
pulled in behind him and asked to see his driver=s license and insurance.  Upon learning that appellant did not have
either item he arrested him.  Officers
Watson and Montalvo conducted an on-site inventory of the contents of his
vehicle.  During the inventory Montalvo
saw a Davis .380 handgun with ammo clip laying on the
front seat of appellant=s vehicle.  Appellant did not have a permit for the weapon.  After the police seized the weapon appellant
was taken into custody, and his vehicle was towed away.  

Appellant testified that he did not give the police permission to
search his vehicle.  He testified that
the police took the keys from his pocket, unlocked his car, and searched it.

 








                                                      II.
Analysis

The first issue is whether probable cause existed
to support the stop and the warrantless arrest.

                                                        The
Stop

An officer may lawfully stop and detain a person for a traffic
violation.  McVickers v. State,
874 S.W.2d 662, 664 (Tex. Crim. App. 1993); Howard v. State, 888 S.W.2d
166, 172 (Tex. App.BWaco 1994, pet. ref=d) (stop of vehicle lawful provided police had
reasonable suspicion of traffic violation either on automobile or by
occupant).  Our traffic laws require that
a motor vehicle registered in this state must be inspected,  see Tex. Transp. Code Ann. ' 548.051(a) (Vernon Supp. 2001), and that an
inspection sticker shall be attached to or produced for a vehicle in the manner
required.  See
Tex. Transp. Code Ann. ' 548.255(a) (Vernon 1999).  Further a person must wear a seatbelt when
operating a motor vehicle.  Tex. Transp. Code Ann. ' 545.413 (Vernon 1999 & Supp. 2001).  Under the facts of this case appellant was
not wearing his seatbelt and did not have an inspection sticker.  Accordingly Watson lawfully stopped him for
violating the traffic laws.  See Madison
v. State, 922 S.W.2d 610, 612 (Tex. App.BTexarkana 1996, pet.
ref'd).

                                                Warrantless
Arrest








Having validly stopped and detained appellant Watson was authorized to
investigate whether he had a valid driver=s license or proof of
insurance.  Tex. Transp. Code Ann. '' 521.025, 601.053 (Vernon Supp. 2001); Davis v.
State, 947 S.W.2d 240, 245 n.6 (Tex. Crim. App. 1997).  With certain exceptions not applicable here
an officer may arrest without a warrant a person he finds committing a traffic
offense.[2]  State v. West, 20 S.W.3d 867, 871
(Tex. App.BDallas 2000, pet. ref=d).  See Tex.
Transp. Code Ann. ' 543.001[3]
(Vernon 1999) (traffic violator may be arrested without warrant).

Here after Watson lawfully stopped
appellant he discovered that appellant did not have a driver=s license or proof of
insurance.  Thus appellant was in
violation of at least four traffic laws.[4]  Accordingly Watson was justified in arresting
appellant without a warrant.  See
Madison, 922 S.W.2d at 612; Valencia v. State, 820 S.W.2d 397, 399
(Tex. App.B Houston [14th Dist.]
1991, pet. ref'd).  We overrule issue
one.                      Inventory
Search       








The second issue is whether the police lawfully searched appellant=s vehicle.  After making a lawful arrest an officer may
search a suspect's vehicle for the purpose of taking an inventory.  Colorado v. Bertine,
479 U.S. 367, 372 (1987); South Dakota v. Opperman, 428 U.S. 364, 375
(1976); Delgado v. State, 718 S.W.2d 718, 721 (Tex. Crim. App. 1986).  In Delgado the court stated:

In South Dakota v. Opperman, 428 U.S. 364, 96 S.Ct. 3092, 49
L.Ed.2d 1000 (1976), it was held that inventories conducted pursuant to
standard police procedures are reasonable. 
The purpose of an inventory is to protect the owner's property while it
remains in police custody, to protect the police against claims or disputes
over lost or stolen property, and to protect the police from potential
dangers.  Further, in Opperman the
Court found no need to consider the existence of less intrusive means of
protecting the police and the property in their custody‑‑such as
locking the car or impounding it in safe storage under guard.

 

One of the instances in which an automobile may be validly impounded
and inventoried is where the driver is removed from his automobile and placed
under custodial arrest and no other alternatives are available other than impoundment  to insure
the protection of the vehicle.

 

Delgado, 718
S.W.2d at 721.

Here appellant was placed under custodial arrest, and because he had
no driver=s license and was the
only person in the vehicle, no other alternatives were available other than
impoundment to insure the protection of the vehicle.  Watson=s testimony was that
the police department=s standard policy was
to inventory vehicles once an officer had made an on-site arrest.  During the inventory search the police
discovered, in plain view, the weapon on the front seat of appellant=s car.  Under the facts and circumstances of this
case we conclude that the weapon seized as the result of the search of the
vehicle was lawfully obtained.  We
overrule the second issue.








                                Probable
Cause For The Charged Offense

The third issue is whether probable cause exists
to support the charge of unlawful carrying of a weapon.  Section 46.02(a) of the Texas Penal Code
provides that a person commits the offense of unlawful carrying a weapon if the
person Aintentionally,
knowingly, or recklessly carries on or about his person a handgun,
. . . .@  Tex. Penal Code Ann. ' 46.02(a) (Vernon Supp. 2001).  Here the handgun was found on the front seat
of appellant=s vehicle.  Appellant was the only person in the
vehicle.  We hold that probable cause
exists to support the charge of unlawfully carrying a weapon.  We overrule the third issue

                                           Articles
27.11 and 27.12

By his fourth issue appellant complains that he did not have ten days
to file responsive pleadings pursuant to articles 27.11 and 27.12 of the Texas
Code of Criminal Procedure.  Article
27.11 states:  In all cases the defendant
shall be allowed ten entire days, exclusive of all fractions of a day after his
arrest, and during the term of the court, to file written pleadings.  Tex. Code Crim. Proc. Ann. art.
27.11 (Vernon 1989). 
Article 27.12 provides that:  In
cases where the defendant is entitled to be served with a copy of the
indictment, he shall be allowed the ten days time mentioned in the preceding
Article to file written pleadings after such service.  Tex. Code Crim. Proc. Ann. art.
27.12 (Vernon 1989).








The purpose of the "right to time" statute is to afford the
accused or his counsel a right to carefully examine the formal accusation and
to prepare and file any necessary pleadings pertaining thereto.  Oliver v. State, 646 S.W.2d 242, 245
(Tex. Crim. App. 1983); Ashcraft v. State, 900 S.W.2d 817, 830 (Tex. App.BCorpus Christi 1995,
pet. ref=d).  When timely and properly invoked the
statutory ten days must be afforded the accused.  Oliver, 646 S.W.2d
at 245; Ashcraft, 900 S.W.2d at 830.

Under articles 27.11 and 27.12 an adverse ruling from the trial court
is necessary in order to preserve error. 
Oliver, 646 S.W.2d at 245; Young v. State, 752 S.W.2d 235,
237 (Tex. App.B Fort Worth 1988), aff'd
per curiam, 796 S.W.2d 195 (Tex. Crim. App. 1990).  Here appellant did not request the ten days
or object to proceeding to trial.  By not
objecting to proceeding to trial or requesting a continuance until the ten days
expired appellant waived his right to the ten days provided by articles 27.11
and 27.12.  See Young, 752 S.W.2d at 237.  We
hold that appellant waived the provisions of articles 27.11 and 27.12.  We overrule issue four.

We affirm the trial court's judgment.

______________________________

J. BONNER DORSEY,

Justice

 

Do not publish.

Tex. R. App. P. 47.3(b).

 

Opinion delivered and filed

this 20th day of June,
2002.

 











[1]Appellant has filed a pro
se brief which does not specifically raise issues for review.  We have determined these issues based upon
the arguments and statements made in the brief. 
The State did not file a brief in this case.





[2]An officer is required
to release a class C misdemeanor offender upon citation only for speeding and
open container violations.  See Tex. Transp. Code Ann. ' 543.004(a) (Vernon
Supp. 2001); see also Tex. Code Crim. Proc. Ann. art.
14.06(b) (Vernon Supp. 2001).

 





[3]Section 543.001B Arrest Without Warrant Authorized B states:  AAny peace officer may
arrest without warrant a person found committing a violation of this subtitle.@  Tex. Transp. Code Ann. ' 543.001 (Vernon 1999).

 





[4]See Tex. Transp. Code Ann. ' 545.413 (Vernon Supp.
2001) (operating a motor vehicle without wearing a seat belt); Tex. Transp. Code Ann. '' 521.021, 521.025
(Vernon Supp. 2001) (driving a motor vehicle without a license); Tex. Transp. Code Ann. ' 548.255(a) (Vernon 1999) (inspection sticker); Tex.
Transp. Code Ann. ' 601.053 (Vernon 1999) (proof of financial
responsibility).