NO. 12-05-00084-CR
 
IN THE COURT OF APPEALS

TWELFTH COURT OF APPEALS DISTRICT

TYLER, TEXAS
TAVION DQUAN LANDON,                            §                APPEAL FROM THE SECOND
APPELLANT
 
V.                                                                         §                JUDICIAL DISTRICT COURT OF

THE STATE OF TEXAS,
APPELLEE                                                         §                CHEROKEE COUNTY, TEXAS
                                                                                                                                                            
MEMORANDUM OPINION
            Tavion Dquan Landon appeals his conviction for injury to a child, for which he was sentenced
to ten years of imprisonment. Appellant’s counsel filed a brief in compliance with Anders v.
California, 386 U.S. 738, 87 S. Ct. 1396, 18 L. Ed. 2d 493 (1967) and Gainous v. State, 436 S.W.2d
137 (Tex. Crim. App. 1969). We abate this appeal and remand to the district court.
 
Background
            After waiving indictment, Appellant was charged by information with intentionally and
knowingly injuring a child, a third-degree felony.


 On December 13, 2001, Appellant entered a plea
of guilty. Appellant and his counsel signed an acknowledgment of waivers and a sworn plea of guilty
waiver, stipulation, and judicial confession. In his judicial confession, Appellant admitted to
recklessly causing bodily injury to a child, a state jail felony.


 Appellant also waived his time to file
motions for new trial and in arrest of judgment and his right to appeal. The trial court deferred
further proceedings without entering an adjudication of guilt and ordered that Appellant be placed
on deferred adjudication community supervision for a period of two years.


 The order described the
charged offense as a third degree felony.
            On December 29, 2003, the State filed an amended motion to adjudicate, alleging that
Appellant had violated the terms of his community supervision. Appellant pleaded “true” to
committing the acts alleged in the State’s motion and waived his right to appeal. On June 8, 2004,
the trial court revoked Appellant’s community supervision, adjudicated Appellant guilty as charged
in the information, and assessed punishment at ten years of imprisonment.


 However, the trial court
ordered that imposition of the sentence be suspended and that Appellant be placed on community
supervision for a period of five years.



            On December 10, 2004, the State filed a motion to revoke community supervision alleging
that Appellant had violated the terms of his community supervision. Appellant pleaded “true” to five
of the seven paragraphs of the State’s allegations. However, Appellant pleaded “not true” to the
State’s allegations that he violated the terms of his community supervision by driving while
intoxicated and by failing to report to his probation officer. On February 10, 2005, the trial court held
a revocation hearing. At the conclusion of the hearing, the trial court found it “true” that Appellant
violated the conditions of his community supervision in that he failed to report to his probation
officer, failed to pay supervision fees, court costs, restitution, and attorney’s fees, and also failed to
perform community service. Accordingly, the trial court revoked Appellant’s community supervision
and assessed punishment at ten years of imprisonment. This appeal followed.
 
Analysis
            Appellant’s counsel filed a brief in compliance with Anders and Gainous, stating that he has
diligently reviewed the appellate record and is of the opinion that the record reflects no reversible
error and that there is no error upon which an appeal can be predicated. Appellant did not file a pro
se brief. In compliance with Anders, Gainous, and High v. State, 573 S.W.2d 807, 812 (Tex. Crim.
App. 1978), counsel’s brief presents a chronological summation of the procedural history of the case
and further states that counsel is unable to raise any meritorious issues for appeal.
            Our review of the clerk’s record indicates that two informations were filed at 4 p.m.,



December 13, 2001, on the same date of the plea in this case. One information alleged that Appellant
intentionally and knowingly caused bodily injury to a child less than fifteen


 years of age. The other
information alleged the mens rea of the offense as being “reckless.”


 Section 22.04(f) of the Penal
Code provides that the offense that was charged in the information is a third degree felony when the
conduct is committed intentionally or knowingly and is a state jail felony when the conduct is engaged
in recklessly. Tex. Pen. Code Ann. § 24.04 (f) (Vernon 2003).



            As the reporter’s record of the original plea was not filed with this court, it is unclear whether
Appellant was convicted of a third degree felony or a state jail felony. Significantly, the Felony
Defendant’s Plea of Guilty Waiver, Stipulation and Judicial Confession, described the degree of mens
rea as “recklessly cause [sic] bodily injury.” Therefore, it is only to the reckless allegation that
Appellant stipulated, which, thus, was the evidence against Appellant. However, the Order of
Community Supervision with Adjudication of Guilt indicates that Appellant was convicted of a third
degree felony. A conviction cannot be had on an offense to which a defendant did not plead. See
Ditto v. State, 898 S.W.2d 383, 384 (Tex. App.–San Antonio 1991, no pet.) (“Judgment cannot be
entered on a charge to which a defendant has never pleaded”).
            As required by Stafford v. State, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991), Appellant’s
counsel has moved for leave to withdraw. We carried the motion for consideration with the merits
of the appeal. Having done so, we grant Appellant counsel’s motion to withdraw based upon his
representations to this court that the appeal is without merit and allowing him to withdraw would be
in the interest of justice. 
            We now abate the appeal and remand the cause to the Second Judicial District Court and
order the district court to immediately notice and conduct a hearing to determine whether Appellant
is indigent and, if so, to appoint new legal counsel. Further, we order the district court to cause to be
developed (1) a supplemental clerk’s record containing all orders of the district court issued as a result
of its hearing on this matter, (2) a reporter’s record transcribing the evidence and argument presented
at the hearing on this matter, and (3) a reporter’s record transcribing all the hearings conducted in this
cause, including, but not limited to, Appellant’s guilty plea and the district court’s subsequent order
of community supervision without adjudication of guilt and Appellant’s plea of “true” to the State’s
motion to adjudicate community supervision and the district court’s subsequent order adjudicating
guilt and community supervision.
            Additionally, the district court shall cause the supplemental clerk’s record and reporter’s
records described above to be filed with the clerk of this court on or before November 30, 2005. 
Should additional time be needed to perform these tasks, the district court may request same on or
before November 30, 2005. Finally, should new counsel be appointed, said counsel must file an
appellant’s brief addressing any arguable issues, including the issue mentioned above. The appellant’s
brief is due with the clerk of this court within thirty days of appointment of new counsel or on or
before December 31, 2005, whichever is earlier.
 
                                                                                                    DIANE DEVASTO 
                                                                                                                 Justice
 
 
Opinion delivered October 31, 2005.
Panel consisted of Worthen, C.J., Griffith, J., and DeVasto, J.
 
(DO NOT PUBLISH)