## APPENDIX A

Casey Denundra BRYANT, a/k/a
Casey D. Bryant, Appellant,

v.

The STATE of Texas, State.

No. 2–00–213–CR.

Court of Appeals of Texas,
Fort Worth.

April 15, 2002.

The Kearney Law Firm, Jeff Kearney, Wm. Reagan Wynn, Fort Worth, for Appellant.

Tim Curry, Crim. Dist. Atty., Charles M. Mallin, Chief of Appellate Division, David M. Curl, Asst. Dist. Atty., Fort Worth, for Appellee.

PANEL B: DAY, DAUPHINOT, and GARDNER, JJ.

## OPINION ON THE STATE'S CROSS-PETITION FOR DISCRETIONARY REVIEW.

LEE ANN DAUPHINOT, Justice.

Pursuant to Rule 50 of the Texas Rules of Appellate Procedure, we have reconsidered our prior opinion upon the State's cross-petition for discretionary review. Our opinion and judgment of November 15, 2001 are withdrawn and the following are substituted.

A jury convicted Appellant Casey Denundra Bryant of the offense of aggravated sexual assault of a child younger than fourteen years of age and assessed his punishment at forty years' confinement. Appellant raises a single issue on appeal, contending that the trial court abridged his right to qualified appointed counsel under articles 1.051 and 26.04 of the Texas Code of Criminal Procedure.[1] We affirm.

### BACKGROUND

On December 8, 1998, Appellant was indicted for the offense of aggravated sexual assault of a child. On April 28, 1999, Sara Spector, acting as Appellant's attor-

---

1. TEX.CODE CRIM. PROC. ANN. art. 1.051 (Vernon    Supp.2002), art. 26.04 (Vernon 1989).

ney, filed a motion to set reasonable bail on his behalf. On October 12, 1999, the trial court, on its own motion, signed an order appointing Larry Coker to defend Appellant in this case. On February 4, 2000, Spector filed a motion for a court-appointed private investigator on Appellant's behalf in the trial court. The motion noted Spector's address as follows:

Law Office of LARRY G. COKER

530 Bedford Rd.

Suite 112

Bedford, TX 76022

On May 30, 2000, Appellant appeared for trial with Spector as his attorney. Before the start of voir dire, the following exchange occurred between the trial court and Spector:

THE COURT: ... Counsel, are you going to file an election for punishment?

MS. SPECTOR: Yes, Your Honor.

THE COURT: You were appointed by Judge Drago; is that correct?

MS. SPECTOR: Yes, sir.

THE COURT: And when were you appointed?

MS. SPECTOR: October of 1999.

THE COURT: So you have been representing Mr. Bryant since that time?

MS. SPECTOR: Prior to that time, Your Honor, we were hired.

THE COURT: Is that correct, Mr. Bryant?

THE DEFENDANT: Yes, sir.

THE COURT: Okay.

MS. SPECTOR: Do you want me to put some things on the record about the firm representing him?

THE COURT: I think we've established what we need to establish here.

During voir dire, Spector told the jury, "I work for Larry Coker. He's an attorney here in Tarrant County. And I'm an attorney I've been working with him for two years."

## DISCUSSION

Appellant argues that he was harmed by the trial court's sua sponte substitution of Spector for Coker as Appellant's appointed trial counsel because Spector lacked the training and experience necessary to effectively defend Appellant against a charge of aggravated sexual assault of a child. Appellant further contends that his right to qualified appointed counsel under articles 1.051 and 26.04 of the code of criminal procedure was violated by the substitution of counsel without judicial approval.

Appellant correctly points out that an indigent defendant has the right to appointed counsel and that trial courts have an affirmative duty to appoint competent counsel to represent indigent defendants.[2] The crux of the issue before this court is whether a trial court appoints an entire law firm by appointing an individual attorney within the firm and whether the individual lawyer appointed by the court may, without judicial approval and without the knowledge or approval of the defendant, arbitrarily substitute another attorney to represent the defendant.

■ The State argues that Appellant forfeited any complaint concerning Spector's representation of him by failing to object at trial to the substitution of counsel. The State misconstrues both the law and the record. Appellant did not sign a request for counsel. Coker was appointed on the court's own motion, but Spector never withdrew as counsel. The trial court had no authority to replace retained

---

**2.** *See* U.S. CONST. amend. VI; TEX. CONST. art. I § 10; *Rodriguez v. State,* 170 Tex.Crim. 295, 340 S.W.2d 61, 63 (App.1960).

counsel with appointed counsel absent Appellant's consent.[3]

In its surreply brief, the State argues:

Yet, when Appellant's employment of Ms. Spector proves to be a hindrance to his effort to obtain a windfall through a hyper-technicality, Appellant asserts that Ms. Spector wasn't retained by Appellant—*only the firm* was retained. . . . It just doesn't work like that: when Ms. Spector entered an appearance on Appellant's behalf as "Attorney for Defendant," . . . she was his attorney and could only leave the case by withdrawing.

The State also argues in the same brief: "Appellant cannot go to trial with an attorney he retained and worked with intensely for over one year . . ., present no objections (either personally or through either of his two counsels) to that attorney acting as counsel and then complain on appeal that he had the wrong counsel."

While we disapprove the State's rude language, we understand the State to be arguing that Spector was never relieved of her obligations as Appellant's counsel. The State does not cite us to any place in the record, and we can find none, in which Appellant requested that Spector be replaced by appointed counsel or in which Spector was allowed to withdraw as counsel of record. We fail, then, to understand exactly what the State argues in its cross-petition for discretionary review that Appellant should have objected to at trial. The trial court did not err in permitting Spector to serve as counsel at trial. What error, then, has Appellant waived?

■ Turning now to the merits of Appellant's challenge, we note a great deal of confusion exists in this case. It is well-established and undisputed that an indigent criminal defendant is constitutionally entitled to effective representation by competent counsel.[4] This right is also statutorily protected. Article 1.051 of the code of criminal procedure provides in pertinent part: "A defendant in a criminal matter is entitled to be represented by counsel in an adversarial judicial proceeding."[5] Furthermore, it is well-established that when counsel appears on behalf of a criminal defendant as his attorney of record, that lawyer, whether appointed or retained, is obligated to represent the client until the trial court actually grants a motion to withdraw or a motion to substitute counsel.[6] Merely filing a motion to withdraw does not relieve the attorney of his or her obligation to fully represent the client.

Although the trial court had the authority to appoint counsel upon its own motion after a determination of indigence, article

---

3. *Harling v. United States,* 387 A.2d 1101, 1104–05 (D.C.Cir.1978) (holding that a trial court has no authority to remove appointed counsel over objection of attorney and defendant and under circumstances when removal of retained counsel would not be justified); *Stearnes v. Clinton,* 780 S.W.2d 216, 222–23 (Tex.Crim.App.1989) (holding that power of trial court to appoint counsel to represent indigent defendants does not carry with it the concomitant power to remove counsel at court's discretion; this rule applies equally to retained and appointed counsel).

4. U.S. CONST. amend. VI; TEX. CONST. art. I § 10.

5. TEX.CODE CRIM. PROC. ANN. art. 1.051(a).

6. *See id.* art. 26.04(a) ("An attorney appointed under this subsection shall represent the defendant until charges are dismissed, the defendant is acquitted, appeals are exhausted, or the attorney is relieved of his duties by the court or replaced by other counsel."); *see also* TEX.R. CIV. P. 10; TEX. DISCIPLINARY R. PROF'L CONDUCT 1.15, *reprinted in* TEX. GOV'T CODE ANN., tit. 2, subtit. G app. A (Vernon 1998) (TEX. STATE BAR R. art. X, § 9); *Ward v. State,* 740 S.W.2d 794, 798 (Tex.Crim.App. 1987); *Ditto v. State,* 898 S.W.2d 383, 386 n. 4 (Tex.App.-San Antonio 1995, no writ).

26.05 of the code of criminal procedure provides that an appointed attorney may receive compensation only if he or she appears in court or otherwise affirmatively expends time and effort in representing the defendant.[7] Here, the record indicates that Coker filed no motions, made no appearances, and performed no act that could be construed as the representation of Appellant in this matter. Because he did not act as Appellant's counsel in any sense, he was not entitled under the law to compensation. Spector acted as Appellant's retained counsel prior to October 12, 1999, when the trial court appointed Coker. The record shows that Spector charged Appellant $2,500 for legal services provided on his behalf before Coker's appointment. Additionally, in his testimony at the punishment phase of the trial, Appellant stated that he had been represented by Spector "since I've been incarcerated 15 months." Consequently, Spector's status as retained counsel of record never changed.[8]

■ Spector represented to the trial court that she was appointed by Judge Drago in October 1999. The record does not support this assertion. Rather, the record clearly reflects that the trial court appointed Coker. As Appellant points out, a trial judge is duty-bound to carefully evaluate the ability and experience of an attorney before appointing that attorney to handle a particular case.[9] In accord with this duty, the attorney general has stated that "there is no appointment of 'one or more practicing attorneys' when a trial court directs a ... private law partnership to provide representation by one or more

attorneys."[10] Nor is there any authority for allowing an attorney to designate another lawyer to take his place as appointed counsel. Lawyers do not appoint counsel for indigent defendants. Only the court has that power.

Appellant argues that the trial court sua sponte substituted Spector for Coker as Appellant's counsel by allowing Spector to represent Appellant even though Coker had been appointed. We disagree. Spector was retained by Appellant, appeared as his retained counsel for more than a year before trial, and never withdrew her representation. She, therefore, functioned as Appellant's retained counsel, not as appointed counsel. The record does not reflect that Appellant ever discharged Spector or asked the trial court to substitute counsel. Additionally, the record does not reflect that the trial court granted a motion to withdraw, or that Spector even filed such a motion. Accordingly, we hold as follows:

- Spector appeared as Appellant's retained counsel more than a year before his trial commenced.
- Spector never withdrew as Appellant's retained counsel, and no attorney was every substituted as Appellant's counsel.
- Spector was never appointed as Appellant's counsel by the trial court.
- Spector functioned at all times solely as Appellant's retained counsel and was not entitled to compensation as appointed counsel.
- The "Law Office of Larry G. Coker" was never appointed as Appellant's

---

7. Tex.Code Crim. Proc. Ann art. 26.05(a) (Vernon 1989).

8. *See Gray v. Robinson,* 744 S.W.2d 604, 606 (Tex.Crim.App.1988) ("We now hold that state funded attorney fees cannot be awarded for services rendered prior to the date that

counsel is appointed to represent an indigent.").

9. *Rodriguez,* 340 S.W.2d at 63.

10. Op. Tex. Att'y Gen. No. DM–354 (1995).

counsel because such an appointment is a legal impossibility.

- Although Coker was personally appointed to represent Appellant by the trial court, he at no time acted as counsel and, because he performed no duties as Appellant's counsel, he was entitled to no compensation as court-appointed counsel.

- Coker had no authority to appoint or designate Spector as his substitute appointed counsel.

- Because Appellant appeared with Spector as his retained counsel, the trial court did not improperly substitute Spector for Coker sua sponte.

We overrule Appellant's sole issue. In addition, consistent with the statement in Appellant's brief, we do not construe Appellant's claims of deficient representation as a separate argument that his conviction should be reversed for ineffective assistance of counsel but, rather, as a description of the harm emanating from the trial court's claimed sua sponte substitution of counsel. Moreover, this opinion should not be read as suggesting any wrongdoing on the part of Appellant's trial counsel. As we have noted, the record in this case reflects merely confusion and misunderstanding. At all times, both counsel and the court conscientiously protected Appellant's interests. Appellant was not denied any statutory right to appointed counsel.

## CONCLUSION

Having overruled Appellant's sole issue on appeal, we affirm the trial court's judgment.