**Billie Renee BROWN, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 06–05–00075–CR.**

Court of Appeals of Texas,
Texarkana.

Submitted Dec. 12, 2005.

Decided Dec. 22, 2005.

Hugh O'Fiel, Beaumont, for appellant.

Wayln G. Thompson, Asst. Crim. Dist. Atty., Beaumont, for appellee.

Before MORRISS, C.J., ROSS and CARTER, JJ.

OPINION

Opinion by Chief Justice MORRISS.

Billie Renee Brown pled guilty, without a plea agreement, to felony theft[1] and to unauthorized use of a motor vehicle.[2] Brown's court-appointed attorney was unavailable at the time of her sentencing hearing; so, over Brown's objection, the trial court appointed a substitute attorney to represent her at that hearing. The trial court assessed punishment in each case at two years' confinement in a state jail facility,[3] with the two sentences to be served concurrently. The cases have been appealed separately and briefed separately. This case concerns Brown's theft conviction.[4]

Brown's first appellate attorney filed a brief in which he concluded, from his review of the record and the related law, the appeal was frivolous and without merit. While that brief did not present any arguable points of error, it professionally evaluated the record and concluded there were no errors that would arguably support an appeal. The brief thus met the require-

---

1. Theft of a value less than $1,500.00, enhanced with two or more prior theft convictions of any grade, as was charged in this case, is a state jail felony. TEX. PEN.CODE ANN. § 31.03(e)(3), (4)(D) (Vernon Supp.2005).

2. Unauthorized use of a motor vehicle, as was charged in the companion case, is a state jail felony. TEX. PEN.CODE ANN. § 31.07 (Vernon Supp.2005).

3. A state jail felony supports a sentence ranging from 180 days to two years. TEX. PEN. CODE ANN. § 12.35(a) (Vernon 2003).

4. Brown's other appeal, styled *Brown v. State,* cause number 06–05–00076–CR, 2005 WL 3487835 (Tex.App.-Texarkana 2005), has been decided by way of a separate opinion, also issued this day.

ments of *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), and *Stafford v. State*, 813 S.W.2d 503, 509 (Tex.Crim.App.1991).

As required by the Texas Court of Criminal Appeals in *Stafford*, 813 S.W.2d at 511, we conducted our own investigation of the record to discover if there are arguable grounds for Brown's appeal. During our review, we discovered the trial court's sua sponte appointment of substitute counsel for the sentencing hearing. At that time, the trial court overruled Brown's objection to the sentencing proceeding without the presence of her previous court-appointed attorney. The trial court stated to Brown, "Just so you'll understand, these three lawyers represent every defendant that comes through this court. Okay? So Mr. Jones is as much your lawyer as Mr. Cooper is; and I won't do anything different."

We concluded that the trial court's sua sponte appointment raised the issue of whether the lower court reversibly erred by appointing new counsel over Brown's objection, and without first finding Brown's original counsel had a conflict of interest or was no longer competent to represent Brown. Accordingly, we abated the appeal to the trial court to appoint new appellate counsel to address this and any other grounds that might support Brown's appeal. The trial court complied with our order of abatement, and both new counsel and the State filed briefs addressing the issue we raised.

■ After reviewing the briefs and the applicable law, we now conclude the trial court reversibly erred by appointing new counsel over Brown's objection without first finding a conflict had arisen between Brown and her attorney of record.

■ A criminal defendant's right to counsel is guaranteed by both the federal and state constitutions. U.S. CONST. amend. VI; TEX. CONST. art. I, § 10. "Furthermore, it is well-established that when counsel appears on behalf of a criminal defendant as attorney of record, that lawyer, whether appointed or retained, is obligated to represent the client until the trial court actually grants a motion to withdraw or a motion to substitute counsel." *Bryant v. State*, 75 S.W.3d 628, 631 (Tex. App.-Fort Worth 2002, pet. ref'd). A trial court may *not* unilaterally remove a defendant's attorney without "extraordinarily good cause." *Ex parte McFarland*, 163 S.W.3d 743, 759 (Tex.Crim.App.2005). This is because the trial court's power to appoint counsel to represent an indigent defendant does not include the concurrent power to remove counsel at the trial court's "discretionary whim." *Stearnes v. Clinton*, 780 S.W.2d 216, 222–25 (Tex. Crim.App.1989).

■ In this case, the record lacks any showing of "extraordinarily good cause" for the substitution of Brown's attorney of record over Brown's objection. As such, the trial court constitutionally erred in denying Brown her previously appointed attorney. When we find error, we are to perform a harm analysis, unless the error was what has been called "structural."

A "structural" error ... is a "defect affecting the framework within which the trial proceeds, rather than simply an error in the trial process itself," [*Arizona v. Fulminante*,] 499 U.S. [279,] 310, 111 S.Ct. 1246, 113 L.Ed.2d 302 (1991). We have found structural errors only in a very limited class of cases: *a total deprivation of the right to counsel*, lack of an impartial trial judge, unlawful exclusion of grand jurors of defendant's race, the right to self-representation at trial, the right to a public trial, [and an] erroneous reasonable-doubt instruction to the jury. Most constitutional errors

are not "structural"; that is, they can be harmless.

*Mendez v. State*, 138 S.W.3d 334, 340 (Tex. Crim.App.2004) (footnotes omitted) (emphasis added).

▪ In the case now before this Court, the trial court sua sponte replaced Brown's counsel over Brown's objection. But Brown was not without an attorney to represent her. Because there was not "total deprivation of the right to counsel," *see id.*, the error was not structural. Thus, we must assess whether the error harmed Brown. Our analysis leads us to conclude the trial court reversibly erred.

▪ When a constitutional error has occurred and is subject to harm analysis, the Texas Rules of Appellate Procedure require us to reverse the trial court's judgment "unless the court determines beyond a reasonable doubt that the error did not contribute to the conviction or punishment." Tex.R.App. P. 44.2(a). In this case, Brown's substituted trial counsel informed the trial court that Brown had been working with her attorney of record in securing additional recommendation letters from out of state. The record demonstrates that these additional letters were unavailable, and we cannot fairly speculate what persuasive effect those letters might have had to lessen Brown's ultimate punishment. We therefore cannot say, beyond a reasonable doubt, that the trial court's error did not contribute to Brown's receipt of the maximum punishment of two years in this case.[5] As such, we must reverse the trial court's judgment as to punishment.

We reverse the trial court's judgment as to punishment and remand the cause to the trial court for further proceedings consistent with the opinion of this Court.

---

5. We note that the trial court did order the sentence in this case and the one in the companion case, both two years, to run concurrently. They could have been ordered to run consecutively.