In The
Court of Appeals
Sixth Appellate District of Texas at Texarkana

______________________________

No. 06-05-00075-CR
______________________________


BILLIE RENEE BROWN, Appellant
 
V.
 
THE STATE OF TEXAS, Appellee


                                              

On Appeal from the 252nd Judicial District Court
Jefferson County, Texas
Trial Court No. 93433


                                                 



Before Morriss, C.J., Ross and Carter, JJ.
Opinion by Chief Justice Morriss


O P I N I O N

            Billie Renee Brown pled guilty, without a plea agreement, to felony theft


 and to
unauthorized use of a motor vehicle.


 Brown's court-appointed attorney was unavailable at the time
of her sentencing hearing; so, over Brown's objection, the trial court appointed a substitute attorney
to represent her at that hearing. The trial court assessed punishment in each case at two years'
confinement in a state jail facility,


 with the two sentences to be served concurrently. The cases have
been appealed separately and briefed separately. This case concerns Brown's theft conviction.



            Brown's first appellate attorney filed a brief in which he concluded, from his review of the
record and the related law, the appeal was frivolous and without merit. While that brief did not
present any arguable points of error, it professionally evaluated the record and concluded there were
no errors that would arguably support an appeal. The brief thus met the requirements of Anders v.
California, 386 U.S. 738 (1967), and Stafford v. State, 813 S.W.2d 503, 509 (Tex. Crim. App. 1991).
            As required by the Texas Court of Criminal Appeals in Stafford, 813 S.W.2d at 511, we
conducted our own investigation of the record to discover if there are arguable grounds for Brown's
appeal. During our review, we discovered the trial court's sua sponte appointment of substitute
counsel for the sentencing hearing. At that time, the trial court overruled Brown's objection to the
sentencing proceeding without the presence of her previous court-appointed attorney. The trial court
stated to Brown, "Just so you'll understand, these three lawyers represent every defendant that comes
through this court. Okay? So Mr. Jones is as much your lawyer as Mr. Cooper is; and I won't do
anything different."
            We concluded that the trial court's sua sponte appointment raised the issue of whether the
lower court reversibly erred by appointing new counsel over Brown's objection, and without first
finding Brown's original counsel had a conflict of interest or was no longer competent to represent
Brown. Accordingly, we abated the appeal to the trial court to appoint new appellate counsel to
address this and any other grounds that might support Brown's appeal. The trial court complied with
our order of abatement, and both new counsel and the State filed briefs addressing the issue we
raised.
            After reviewing the briefs and the applicable law, we now conclude the trial court reversibly
erred by appointing new counsel over Brown's objection without first finding a conflict had arisen
between Brown and her attorney of record.
            A criminal defendant's right to counsel is guaranteed by both the federal and state
constitutions. U.S. Const. amend. VI; Tex. Const. art. I, § 10. "Furthermore, it is well-established
that when counsel appears on behalf of a criminal defendant as attorney of record, that lawyer,
whether appointed or retained, is obligated to represent the client until the trial court actually grants
a motion to withdraw or a motion to substitute counsel." Bryant v. State, 75 S.W.3d 628, 631 (Tex.
App.—Fort Worth 2002, pet. ref'd). A trial court may not unilaterally remove a defendant's attorney
without "extraordinarily good cause." Ex parte McFarland, 163 S.W.3d 743, 759 (Tex. Crim. App.
2005). This is because the trial court's power to appoint counsel to represent an indigent defendant
does not include the concurrent power to remove counsel at the trial court's "discretionary whim." 
Stearnes v. Clinton, 780 S.W.2d 216, 222–25 (Tex. Crim. App. 1989).
            In this case, the record lacks any showing of "extraordinarily good cause" for the substitution
of Brown's attorney of record over Brown's objection. As such, the trial court constitutionally erred
in denying Brown her previously appointed attorney. When we find error, we are to perform a harm
analysis, unless the error was what has been called "structural."
A "structural" error . . . is a "defect affecting the framework within which the trial
proceeds, rather than simply an error in the trial process itself," [Arizona v.
Fulminante,] 499 U.S. [279,] 310 (1991). We have found structural errors only in
a very limited class of cases: a total deprivation of the right to counsel, lack of an
impartial trial judge, unlawful exclusion of grand jurors of defendant's race, the right
to self-representation at trial, the right to a public trial, [and an] erroneous
reasonable-doubt instruction to the jury. Most constitutional errors are not
"structural"; that is, they can be harmless.
Mendez v. State, 138 S.W.3d 334, 340 (Tex. Crim. App. 2004) (footnotes omitted) (emphasis added).
            In the case now before this Court, the trial court sua sponte replaced Brown's counsel over
Brown's objection. But Brown was not without an attorney to represent her. Because there was not
"total deprivation of the right to counsel," see id., the error was not structural. Thus, we must assess
whether the error harmed Brown. Our analysis leads us to conclude the trial court reversibly erred.
            When a constitutional error has occurred and is subject to harm analysis, the Texas Rules of
Appellate Procedure require us to reverse the trial court's judgment "unless the court determines
beyond a reasonable doubt that the error did not contribute to the conviction or punishment." Tex.
R. App. P. 44.2(a). In this case, Brown's substituted trial counsel informed the trial court that Brown
had been working with her attorney of record in securing additional recommendation letters from
out of state. The record demonstrates that these additional letters were unavailable, and we cannot
fairly speculate what persuasive effect those letters might have had to lessen Brown's ultimate
punishment. We therefore cannot say, beyond a reasonable doubt, that the trial court's error did not
contribute to Brown's receipt of the maximum punishment of two years in this case.


 As such, we
must reverse the trial court's judgment as to punishment.
 
 
 
            We reverse the trial court's judgment as to punishment and remand the cause to the trial court
for further proceedings consistent with the opinion of this Court.



                                                                                    Josh R. Morriss, III
                                                                                    Chief Justice

Date Submitted:          December 12, 2005
Date Decided:             December 22, 2005

Publish