**Opinion issued July 12, 2012.**



In The

# Court of Appeals

For The

# First District of Texas

_____

## NO. 01-10-00250-CR

_____

**SAMUEL DERRICK GARCIA, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the 182nd District Court**
**Harris County, Texas**
**Trial Court Case No. 1156347**

## MEMORANDUM OPINION

Samuel Derrick Garcia appeals the trial court's judgment revoking his community supervision, adjudging him guilty of the felony offense of aggravated

assault, and sentencing him to ten years' confinement.[1] Garcia contends that the trial court erred by refusing to grant a continuance of the revocation hearing and that, by so erring, the trial court deprived him of the right to retain counsel of his own choosing. Garcia further contends that his appointed counsel was ineffective at the revocation hearing. We affirm.

## Background

A grand jury indicted Garcia for aggravated assault arising from a motor vehicle accident. Garcia retained attorney Israel Santana to represent him in the criminal proceedings. Before the trial commenced, Garcia pleaded guilty, waived certain constitutional and statutory rights, and entered a judicial confession. The trial court deferred its adjudication of Garcia's guilt, placed him on five years' community supervision, and delineated several conditions of the community supervision. Fourteen months later, the State moved for revocation of Garcia's community supervision and adjudication of his guilt. The State alleged ten violations of the conditions of Garcia's community supervision, including commission of a new offense; failure to obtain suitable employment; failure to timely report to his community supervision officer; failure to submit to random urine specimen analysis; failure to perform community service as ordered by the

---

[1]    *See* TEX. PENAL CODE ANN. §§ 22.01, 22.02 (West 2011).

2

trial court; failure to pay numerous costs and fees; and failure to satisfactorily complete an outpatient treatment program.

Garcia requested the appointment of counsel for the revocation hearing. On January 27, 2010, the trial court granted Garcia's request, appointed attorney Randy Martin to serve as Garcia's counsel, and set the revocation hearing for March 18. Not long after his appointment, Martin met separately with Garcia—who was detained at the Harris County jail—and his wife. Both Garcia and his wife informed Martin that they planned to retain Santana—the lawyer who handled the plea agreement—to represent Garcia at the revocation hearing. Consistent with the Garcias' representations, Martin received a fax from Santana's office enclosing a motion to substitute counsel for Martin's signature and a proposed order. Martin signed the motion, returned it to Santana, and did not make any preparations for the revocation hearing. Santana, however, never filed the motion to substitute counsel with the trial court. When Martin appeared in the trial court on another matter the day before Garcia's revocation hearing, the trial court informed Martin that no motion to substitute counsel for Garcia had been filed.

Martin ultimately appeared at the revocation hearing. Santana did not. Before the hearing commenced, Martin met with Garcia in the trial court's holdover cell to discuss the defense of the State's motion. Because the limited time he spent with Garcia in the holdover cell was the only time he had spent preparing

3

for the revocation hearing, Martin orally requested a continuance. In support of the continuance request, Garcia's wife testified that she paid Santana the fee to represent Garcia at the hearing in full and that a secretary from Santana's office assured her Santana would represent Garcia. Garcia also testified regarding his surprise at Santana's failure to appear at the hearing. In argument to the trial court, Martin stated:

> So, what I'm saying is I did not visit with Mr. Garcia about the defense of this [Motion to Adjudicate Guilt] until this morning because I had the Motion to Substitute. I thought Israel Santana would be here. When I came here this morning and talked with the family, just like his wife testified to, just like Mr. Garcia testified to, they were expecting Israel Santana to be here today. And for that reason – I understand in a [Motion to Adjudicate Guilt] the burden of proof is low. There's no jury so we don't need to work on the dog and pony show. The issues are very straight forward. But, nevertheless, the only time I've spent preparing for this is this morning. And I would ask for a short reset.

Before announcing its ruling, the trial court stated that Martin remained counsel of record because no motion to substitute counsel had been filed. The trial court further stated that a representative of Santana's office had informed the trial court that Santana could not attend the revocation hearing and had opted not to get further involved in the case. According to the trial court, Santana's representative stated that Garcia "needed to come back to the office so that they could settle up whatever business matters might be unresolved on that point." The trial court then denied the motion for continuance and proceeded on the State's motion.

4

Garcia pleaded true to four violations of the conditions of his community supervision. The trial court heard testimony from Garcia's community supervision officer and Garcia himself regarding the remainder of the alleged violations. The trial court found three additional violations true, convicted Garcia of aggravated assault, and after testimony from the complainant related to punishment, sentenced Garcia to ten years' confinement. This appeal followed.

**Motion for Continuance**

In his second and third issues,[2] Garcia contends that the trial court erred by refusing to grant a continuance of the revocation hearing so that appointed counsel Martin would have adequate time to prepare a defense to the allegations in the State's motion. Garcia argues, first, that Martin was entitled to have at least ten days to prepare for the revocation hearing under article 1.051(e) of the Code of Criminal Procedure, and second, that once it became apparent Santana would not represent Garcia at the revocation hearing, Martin had only the morning of the hearing to prepare. The standard of review is abuse of discretion. *See Gallo v. State*, 239 S.W.3d 757, 764 (Tex. Crim. App. 2007).

---

[2] Garcia timely filed an appellant's brief raising two issues. Before the State filed its brief, Garcia filed an "amended and supplemental brief" raising two additional issues. Although Garcia labels the additional issues "supplemental point of error one" and "supplemental point of error two," we refer to them in this opinion respectively as Garcia's third and fourth issue.

Neither of Garcia's arguments establishes an abuse of discretion. First, the record does not establish a violation of article 1.051(e). *See* TEX. CODE CRIM. PROC. ANN. art. 1.051(e) (West 2011). Under article 1.051(e), "[a]n appointed counsel is entitled to 10 days to prepare for a proceeding but may waive the preparation time with the consent of the defendant in writing or on the record in open court." *Id.* Here, the trial court signed its order appointing Martin on January 27. The same order set the revocation hearing for March 18. Nothing in the record suggests that Martin did not receive timely notice of either the appointment or the hearing date; instead, the record suggests the opposite. Martin met with Garcia shortly after the appointment on February 4. Thus, as of February 4—if not before—Martin had notice of the March 18 hearing, giving him forty-two days to prepare a defense to the State's motion. The allegations in the State's motion to adjudicate guilt did not change in the period between Martin's first meeting with Garcia and the hearing on the motion. The record does not contain any substitution order relieving Martin of his obligation to prepare for the hearing during the forty-two-day period. *See* TEX. CODE CRIM. PROC. ANN. art. 26.04(j)(2) (West Supp. 2011) (providing that appointed attorney shall "represent the defendant until charges are dismissed, the defendant is acquitted, appeals are exhausted, or the attorney is permitted or ordered by the court to withdraw as counsel for the defendant after a finding of good cause is entered on the record"); *Bryant v. State*,

75 S.W.3d 628, 631 (Tex. App.—Fort Worth 2002, pet. ref'd) (observing that "it is well-established that when counsel appears on behalf of a criminal defendant as his attorney of record, that lawyer, whether appointed or retained, is obligated to represent the client until the trial court actually grants a motion to withdraw or a motion to substitute counsel").

Second, the Code of Criminal Procedure provides that "[a] criminal action may be continued on the *written motion* of the State or of the defendant, upon sufficient cause shown." TEX. CODE CRIM. PROC. ANN. art. 29.03 (West 2011) (emphasis added). Although Martin orally informed the trial court that he was unprepared for the revocation hearing and presented supporting testimony, he did not move for a continuance in writing. To preserve error from the trial court's ruling denying the motion for continuance, Garcia was required to comply with article 29.03's in-writing requirement. *See Anderson v. State,* 301 S.W.3d 276, 278–81 (Tex. Crim. App. 2009) (determining that failure to move for continuance in writing forfeits right of appellate review of motion). "[T]he denial of an oral motion for continuance preserves nothing for our review." *Robinson v. State*, 310 S.W.3d 574, 579 (Tex. App.—Fort Worth 2010, no pet.) (citing *Anderson*, 301 S.W.3d at 278−81); *see also Donahoe v. State*, No. 01-07-00862-CR, 2010 WL 2873694, at *3−4 (Tex. App.—Houston [1st Dist.] July 22, 2010, no pet.) (mem. op., not designated for publication).

We conclude that because Garcia did not establish a violation of article 1.051(e) and because his motion for continuance was not in writing, the trial court did not abuse its discretion in proceeding with the revocation hearing. We overrule Garcia's second and third issues.

**Choice of Counsel**

In his first issue, Garcia contends that the trial court erred by denying Garcia his right to "have his retained attorney, Israel Santana[,] to be present and represent [Garcia] during his Motion to Adjudicate Guilt Hearing[.]" Garcia further contends that the trial court "unlawfully and without permission, unilaterally substituted previously appointed attorney [Martin] for attorney Santana." We disagree.

A defendant has the right to assistance of counsel in a criminal proceeding. *See* U.S. CONST. amend VI; TEX. CONST. art. I, § 10; TEX. CODE CRIM. PROC. ANN. art. 1.05(a) (West 2011); *Gonzalez v. State*, 117 S.W.3d 831, 836 (Tex. Crim. App. 2003). The right to assistance of counsel contemplates the defendant's right to retain counsel of his choice. *See United States v. Gonzalez-Lopez*, 548 U.S. 140, 144, 126 S. Ct. 2557, 2561 (2006); *Gonzalez*, 117 S.W.3d at 836−37. But the right to counsel of choice is not absolute. *See Wheat v. United States*, 486 U.S. 153, 159, 108 S. Ct. 1692, 1697 (1988) ("[W]hile the right to select and be represented by one's preferred attorney is comprehended by the Sixth Amendment, the essential aim of the Amendment is to guarantee an effective advocate for each criminal

8

defendant rather than to ensure that a defendant will inexorably be represented by the lawyer whom he prefers."). A defendant may not insist on representation by an attorney who declines the representation. *See id.* The defendant's right must also be balanced against "other important considerations relating to the integrity of the judicial process and the fair and orderly administration of justice." *Gonzalez*, 117 S.W.3d at 837; *see also Gonzalez-Lopez*, 548 U.S. at 152, 126 S. Ct. at 2566−67 ("We have recognized a trial court's wide latitude in balancing the right to counsel of choice against the needs of fairness and against the demands of its calendar.") (citations omitted); *Ex parte Windham*, 634 S.W.2d 718, 720 (Tex. Crim. App. 1982) (listing factors to be weighed in balancing defendant's right to counsel of choice against trial court's need for prompt and efficient administration of justice). When a trial court unreasonably or arbitrarily interferes with the defendant's right to choose counsel, however, its actions rise to the level of a constitutional violation. *See Gonzalez*, 117 S.W.3d at 837.

Garcia's argument regarding the trial court's denial of his right to choose counsel rests on the premise that Santana agreed to represent Garcia at the revocation hearing and moved to substitute counsel. With respect to whether Santana agreed to represent Garcia, the record contains conflicting information. Garcia's wife testified that she paid Santana's fee in full and received assurances that Santana would represent Garcia at the revocation hearing; however, the trial

9

court stated that a representative of Santana's office had declined the representation and noted outstanding "business matters" with Garcia. Garcia's assertion regarding the filing of a motion to substitute counsel is factually incorrect. The record does not contain any request from Santana to substitute as counsel for Garcia, and the trial court stated for the record that no motion had been filed. Thus, the trial court did not unilaterally substitute Martin for Santana; Martin, whom the trial court appointed forty-five days before the hearing, was Garcia's only counsel of record. *See* TEX. CODE CRIM. PROC. ANN. art. 26.04; *Bryant*, 75 S.W.3d at 631.

Moreover, at the time the trial court conducted its hearing, the State's motion to adjudicate guilt had been pending for more than sixty days, giving Garcia a fair amount of time to secure Santana's representation. Nothing in the record suggests that Santana would have accepted the representation if the trial court had granted a continuance. Although Martin requested additional time to prepare, he recognized at the hearing that the matters presented in the State's motion were simple and straightforward. The State's witnesses were present and ready to testify.

From Santana's failure to file a motion to substitute or appear at the revocation hearing, the trial court could reasonably have concluded that Santana declined the representation. Garcia had ample notice of the revocation hearing and

did not request a continuance in writing. We cannot conclude that the record supports Garcia's contention that the trial court unreasonably or arbitrarily interfered with his right to counsel of choice. We conclude instead that the trial court acted within its discretion in proceeding on the State's motion to adjudicate guilt, and we overrule Garcia's first issue.

## Ineffective Assistance of Counsel

In his fourth issue, Garcia argues that Martin was ineffective at the revocation hearing because he erroneously relied on "retained counsel's [Santana's] representations that [he] would file a motion to substitute counsel," and as a result of that reliance, failed to prepare a defense or to perform "any case investigation or trial preparation[.]" Garcia claims prejudice arising from Martin's deficient performance in that Garcia "essentially pleaded true to some of the State's allegations without the benefit of effective counsel, was found guilty based on those pleas and the State's evidence (which counsel was unprepared to rebut or mitigate), and received a ten-year prison sentence."

Garcia's right to effective legal representation extended to the revocation hearing. *See Hill v. State*, 480 S.W.2d 200, 203 (Tex. Crim. App. 1971) (op. on reh'g). Generally, we adhere to the two-prong *Strickland* analysis in determining whether counsel rendered adequate legal assistance. *See Strickland v. Washington*, 466 U.S. 668, 687, 104 S. Ct. 2052, 2064 (1984); *Bone v. State*, 77 S.W.3d 828,

833 (Tex. Crim. App. 2002). Under *Strickland*, Garcia must demonstrate both deficient performance and prejudice—i.e., he must show that (1) Martin's performance fell below an objective standard of reasonableness and (2) there is a reasonable probability that, but for Martin's unprofessional errors, the result of the revocation hearing would have been different. *See Strickland*, 466 U.S. at 687, 104 S. Ct. at 2064; *Bone*, 159 S.W.3d at 833. The prejudice to Garcia resulting from Martin's performance is judged by whether Martin's conduct "so undermined the proper functioning of the adversarial process that the [revocation hearing] cannot be relied on as having produced a just result." *Ex parte Amezquita*, 223 S.W.3d 363, 366 (Tex. Crim. App. 2006) (citing *Strickland*, 466 U.S. at 686, 104 S. Ct. at 2064).

Both the United States Supreme Court and the Texas Court of Criminal Appeals have recognized, however, a limited exception to the *Strickland* analysis for "circumstances that are so likely to prejudice the accused that the cost of litigating their effect in a particular case is unjustified." *United States v. Cronic*, 466 U.S. 648, 658, 104 S. Ct. 2039, 2046 (1984); *see also Batiste v. State*, 888 S.W.2d 9, 14 (Tex. Crim. App. 1994). Prejudice is presumed when (1) the accused is denied the presence of counsel at a critical stage of his trial, (2) counsel entirely fails to subject the prosecution's case to meaningful adversarial testing, or (3) circumstances at trial are such that, although counsel is available to assist the

12

accused during trial, the likelihood that any lawyer, even a fully competent one, could provide effective assistance is so small that a presumption of prejudice is appropriate without inquiry into the actual conduct of the trial. *See Cronic*, 466 U.S. at 659–60, 104 S. Ct. at 2047.

Garcia relies primarily on *Strickland*'s two-prong analysis in his complaints about Martin's performance. This is not a case in which prejudice, because it is so likely, is presumed. The Court of Criminal Appeals has rejected *Cronic*'s presumption of prejudice when counsel has only a short time to prepare for a revocation hearing. *See Solis v. State*, 718 S.W.2d 282, 285 (Tex. Crim. App. 1986) (declining to find that appointment of counsel on same day as revocation hearing justified "a presumption of ineffectiveness and dispense with the need to inquire into counsel's actual performance"). Martin—although mistaken in his belief that Santana would represent Garcia at the revocation hearing—did not "entirely fail[ ] to subject the prosecution's case to meaningful adversarial testing," so that there was a constructive denial of the assistance of counsel altogether. *Cronic*, 466 U.S. at 659, 104 S. Ct. at 2047. He demonstrated knowledge of the facts of Garcia's case, actively participated in the hearing by subjecting the State's witness to meaningful cross-examination, and presented testimony and argument on behalf of Garcia. Thus, even assuming that Martin's purported lack of preparedness fell below the standard of prevailing professional norms, Garcia was

13

not constructively denied the assistance of counsel and therefore must still affirmatively prove that Martin's actions prejudiced him under *Strickland*.

We cannot agree that there is a reasonable probability that, but for Martin's deficient performance, the result of the revocation hearing would have been different. As Martin acknowledged during the revocation hearing, the State's burden of proof on its motion to adjudicate guilt was low. The State needed only prove the allegations in its motion by a preponderance of the evidence. *See Cardona v. State*, 665 S.W.2d 492, 493 (Tex. Crim. App. 1984). Proof of any one violation was sufficient to support a revocation. *See Moses v. State*, 590 S.W.2d 469, 470 (Tex. Crim. App. [Panel Op.] 1979); *Smith v. State*, 290 S.W.3d 368, 375 (Tex. App.—Houston [14th Dist.] 2009, pet. ref'd); *Lee v. State*, 952 S.W.2d 894, 897 (Tex. App—Dallas 1997, no pet.) (en banc).

Here, Garcia pleaded true to four violations of the conditions of his community supervision—namely, (1) the commission of another offense, (2) the failure to submit to random urine specimen analysis on one occasion, (3) the failure to pay a community supervision fee, and (4) the failure to successfully complete outpatient treatment. Despite Garcia's contention that his guilty pleas were made without the assistance of counsel, the record establishes that Martin met with Garcia for an undisclosed length of time before the hearing commenced. The

14

record is silent with respect to any advice Martin gave Garcia regarding his guilty pleas during that meeting.

Garcia does not complain on appeal that the allegations in the State's motion with respect to those four violations were involuntary or inaccurate—despite his pleas of true—or that he had any defense to them. Rather, consistent with his pleas of true, Garcia testified at the revocation hearing that he pleaded guilty to criminal mischief in another case while on community supervision, he failed to submit to random urine specimen analysis when requested by his community supervision officer, he fell behind in payment of fees, and he was not allowed to complete the outpatient treatment program after being late to meetings on more than one occasion. To establish the violations of the other community supervision terms, the State presented testimony of Garcia's community supervision officer and some exhibits. The record does not reflect that witnesses or other evidence were available to rebut or mitigate the State's allegations or that a viable defense would have been uncovered upon a more thorough investigation. Thus, Garcia cannot show that the result of the revocation hearing would have been different had he been advised by counsel not to plead true to any of the State's allegations.

Even after considering all the evidence and the arguments of counsel, the trial court did not find all of the State's allegations true. The punishment assessed by the trial court (ten years' confinement) was in the middle of the sentencing

15

range for aggravated assault (two to twenty years' confinement). *See* TEX. PENAL CODE ANN. § 12.33(a) (West 2011). On this record, we cannot conclude that the result of the revocation hearing is rendered unreliable by a breakdown in the adversarial process, and therefore we cannot grant Garcia relief on his ineffective assistance claim. We overrule Garcia's fourth issue.

## Conclusion

Having overruled each of Garcia's issues on appeal, we affirm the trial court's judgment.

Harvey Brown
Justice

Panel consists of Justices Bland, Massengale, and Brown.

Do not publish. TEX. R. APP. P. 47.2(b).