

COURT OF APPEALS FOR THE
FIRST DISTRICT OF TEXAS AT HOUSTON

ORDER

Appellate case name:       Charles Deon Matthews v. The State of Texas

Appellate case number:    01-11-01085-CR

Trial court case number:  1285686

Trial court:               337th District Court of Harris County

The complete record has been filed in the above-referenced appeal. Appellant's brief has not been filed.

The clerk's record reflects that appellant pleaded guilty, without an agreed recommendation, to the offense of aggravated robbery and that the trial court assessed punishment of confinement for 12 years. The trial court certified that appellant has the right of appeal. Appellant filed a notice of appeal and an affidavit of indigence. The record before us does not reflect a finding on appellant's indigence status. In addition, appellant was represented by appointed counsel at trial, and the record before us does not contain a signed order by the trial court granting a motion by counsel to withdraw. *See* TEX. CODE CRIM. PROC. ANN. art. 26.04(j) (West Supp. 2012); *Ward v. State*, 740 S.W.2d 794, 796–98 (Tex. Crim. App. 1987) ("[C]ounsel may seek the trial court's permission to withdraw at any time so long as the defendant's appellate rights remain protected, the appellant is given notice of withdrawal, the trial court's signed order permitting the withdrawal is within the record, and if the defendant is still indigent, substitute counsel is appointed."); *Bryant v. State*, 75 S.W.3d 628, 631 (Tex. App.—Fort Worth 2002, pet. ref'd) (stating "that when counsel appears on behalf of a criminal defendant as his attorney of record, that lawyer, whether appointed or retained, is obligated to represent the client until the trial court actually grants a motion to withdraw or a motion to substitute counsel."); *Burnett v. State*, 959 S.W.2d 652, 655–56 (Tex. App.—Houston [1st Dist.] 1997, pet. ref'd) (same).

Because appellant has not filed a brief, we must abate the appeal and remand the case to the trial court. *See* TEX. R. APP. P. 38.8(b)(2). The trial court is directed to hold a hearing, at which a representative of the Harris County District Attorney's office, appellant's appointed trial counsel, Ronald Lewis, and appellant shall be present.[1] The trial court shall have a court reporter record the hearing. The trial court is directed to make findings on these issues:

---

1       Any such teleconference must use a closed-circuit video teleconferencing system that provides for a

(1)   whether appellant wishes to prosecute the appeal; and, if so,

(2)   whether an order should be entered relieving Ronald Lewis of his duties as appellant's counsel, *see* TEX. CODE CRIM. PROC. ANN. art. 26.04(j)(2);

(3)   and, if so, enter an order relieving Ronald Lewis of his duties and determine whether appellant is presently

    (b)   indigent, in which case, appoint appellate counsel at no expense to appellant, *see* TEX. CODE CRIM. PROC. ANN. art. 1.051(d) (West Supp. 2012); or,

    (c)   not indigent, and

        (i)   will retain new counsel no later than 30 days after the hearing or,

        (ii)   after having been admonished by the trial court of the dangers and disadvantages, appellant wishes to waive his right to counsel on appeal and proceed pro se, and his doing so is in the best interest of appellant and the State. *See Cormier v. State*, 85 S.W.3d 496, 497 (Tex. App.—Houston [1st Dist.] 2002, order).

(4)   and establish a date certain by which appellant's brief will be filed in this Court, notwithstanding whether this Court has yet reinstated the appeal. *See* TEX. R. APP. P. 38.8(b).

**The trial court shall cause a supplemental record containing its findings and recommendations, and the court reporter's record of the hearing, to be filed in this Court no later than March 13, 2013.**  If the hearing is conducted by video teleconference, a certified video recording of the hearing shall also be filed in this Court no later than March 13, 2013.

The appeal is abated, treated as a closed case, and removed from this Court's active docket.  The appeal will be reinstated on this Court's active docket when supplemental clerk's record that complies with this order is filed in this Court. The trial court coordinator shall set a hearing date and notify the parties and the Clerk of this Court of such date**.**

It is so **ORDERED**.

Judge's signature: /s/ Laura C. Higley
                  ☑   Acting individually   ☐   Acting for the Court

Date: February 14, 2013

---

simultaneous compressed full motion video and interactive communication of image and sound between the trial court, appellant, and any attorneys representing the State or appellant.  On request, appellant and his counsel shall be able to communicate privately without being recorded or heard by the trial court or the attorney representing the State.