

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

_____

No. 06-15-00109-CR

_____


BRIAN LYNN PUCKETT, Appellant

V.

THE STATE OF TEXAS, Appellee



On Appeal from the 124th District Court
Gregg County, Texas
Trial Court No. 44451-B




Before Morriss, C.J., Moseley and Burgess, JJ.
Opinion by Justice Burgess

O P I N I O N

Brian Lynn Puckett appeals his conviction for the state jail felony of possessing less than one gram of a penalty group 1 controlled substance, namely, methamphetamine.[1]  Puckett's appellate counsel has filed a brief which discusses the record and reviews the proceedings in detail. After counsel's professional evaluation of the record, he has concluded that there are no arguable grounds to be advanced on appeal.  This meets the requirements of *Anders v. California*, 386 U.S. 738 (1967); *Stafford v. State*, 813 S.W.2d 503 (Tex. Crim. App. 1991); and *High v. State*, 573 S.W.2d 807 (Tex. Crim. App. [Panel Op.] 1978).  After conducting our own review of the record, we find that there are no meritorious grounds for appeal, and we affirm the trial court's judgment and sentence.

Counsel mailed a copy of the brief and a letter to Puckett on or about September 2, 2015, informing Puckett of his right to file a pro se response, his right to review the record of the trial proceedings in doing so, and his right to petition the Court of Criminal Appeals should this Court affirm the trial court's judgment.  Counsel stated in his letter to Puckett he had sent him a copy of the appellate record.[2]  Counsel has also filed and provided to Puckett a motion seeking to withdraw as counsel in this appeal.  To date, we have heard nothing from Puckett suggesting he wishes to file a pro se appellate brief.

---

[1]*See* TEX. HEALTH & SAFETY CODE ANN. § 481.115(b) (West 2010).

[2]In compliance with our supervisory duty, we find that counsel has satisfied the requirements set forth in *Kelly v. State*, 436 S.W.3d 313, 319–21 (Tex. Crim. App. 2014).

In appellate counsel's letter to Puckett, however, after advising Puckett of his rights to file a pro se response and to seek discretionary review in the Court of Criminal Appeals, counsel also stated, "I will not be able to assist [you] with a PDR, as my services as your appellate counsel have concluded." Although we will, with our opinion today, grant counsel's motion to withdraw, we point out that counsel's representation in the *Anders* context does not conclude unless and until his motion to withdraw has been granted. *See Brown v. State*, 182 S.W.3d 427, 429 (Tex. App.—Texarkana 2005, no pet.) ("'Furthermore, it is well-established that when counsel appears on behalf of a criminal defendant as attorney of record, that lawyer, whether appointed or retained, is obligated to represent the client until the trial court actually grants a motion to withdraw or a motion to substitute counsel.'" (quoting *Bryant v. State*, 75 S.W.3d 628, 631 (Tex. App.—Fort Worth 2002, pet. ref'd)). The same rule applies to representation of an appellant on appeal.

We have determined that this appeal is wholly frivolous. We have independently reviewed the appellate record and find no genuinely arguable issue for appeal. *See Halbert v. Michigan*, 545 U.S. 605, 623 (2005). We, therefore, agree with counsel's assessment that no arguable issues support an appeal. *See Bledsoe v. State*, 178 S.W.3d 824, 826–27 (Tex. Crim. App. 2005).

We affirm the judgment of the trial court.[3]

Ralph K. Burgess
Justice

Date Submitted:       October 29, 2015
Date Decided:         November 25, 2015

Publish

---

[3]Since we agree this case presents no reversible error, we also, in accordance with Anders, grant counsel's request to withdraw from further representation of appellant in this case. *Anders*, 386 U.S. at 744. No substitute counsel will be appointed. Should appellant wish to seek further review of this case by the Texas Court of Criminal Appeals, appellant must either retain an attorney to file a petition for discretionary review or appellant must file a pro se petition for discretionary review. Any petition for discretionary review must be filed within thirty days from either the date of this opinion or the date on which the last timely motion for rehearing was overruled by this Court. *See* TEX. R. APP. P. 68.2. Any petition for discretionary review must be filed with the clerk of the Texas Court of Criminal Appeals. *See* TEX. R. APP. P. 68.3. Any petition for discretionary review should comply with the requirements of Rule 68.4 of the Texas Rules of Appellate Procedure. *See* TEX. R. APP. P. 68.4.